UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CORESS A.,[1] | Case No. 25-13905 |
| Plaintiff, | |
| v. | |
| | Curtis Ivy, Jr. |
| COMMISSIONER OF SOCIAL SECURITY, | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER ON MOTION FOR RELIEF FROM
LOCAL RULE 83.20(f) (ECF No. 3)**

## I.     INTRODUCTION

Plaintiff Coressa A. brings this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act ("the Act").  Pending before the Court is Plaintiff's counsel's *Motion for Relief from [E.D. of Mich.] Local Rule 83.20(f) Requiring Designation of Local Counsel* (ECF No. 3).  For the reasons below, the motion will be **GRANTED**.

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials.  *See also* Fed. R. Civ. P. 5.2(c)(2)(B).

## II.     DISCUSSION

"A person is eligible for admission to the bar of this Court if the person has been admitted to practice in a state court of record and is in good standing." *Koenemann v. Marberry*, No. 5:06-CV-10852, 2006 WL 1421527, at *1 (E.D. Mich. May 23, 2006) (citing E.D. Mich. Local Rule 83.20(c)(1)).  Eastern District of Michigan Local Rule 83.20(f)(1) specifies that out-of-state attorneys must have local counsel to appear on a case as attorney of record unless the Court relieves them of this duty.[2]

Plaintiff's counsel, Bryan Konoski, states in his motion that he is admitted to practice in Eastern District of Michigan and that he is familiar with the Local Civil Rules of the District, but is not a member of the State Bar of Michigan.  His law firm has offices in New York City and New Jersey and specializes in Social Security disability appeals and handling appeals in federal court.  He also notes that, although not binding on this Court, other courts have granted similar motions.

"Courts in this district have generally required compliance with [Local Rule 83.20(f)]." *Trs. of Iron Workers Defined Contribution Pension Fund v. Next*

---

[2] E.D. Mich. L.R. 83.20(f)(1) provides:
> . . . A member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district.  Local counsel must enter an appearance and have the authority and responsibility to conduct the case if non-local counsel does not do so.  On application, the Court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel.

*Century Rebar, LLC*, No. 21-CV-13041, 2022 WL 90848, at *1 (E.D. Mich. Jan. 7, 2022) (citing cases).  That said, courts have also relieved attorneys from the requirement to obtain local counsel where good cause is shown.  *See, e.g., Koenemann*, 2006 WL 1421527.  The Court finds good cause shown to grant Plaintiff's counsel's motion.

### III. CONCLUSION

For the reasons stated above, Plaintiff's counsel's *Motion for Relief from Local Rule 83.20(f) Requiring Designation of Local Counsel* (ECF No. 3), is **GRANTED**.  Counsel shall file an appearance upon receiving this Order.

**IT IS SO ORDERED**.

Date: December 9, 2025

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge